No. 566
GALLUP, Admr. v. TOLEDO TERMINAL CO. et.
Ohio Appeals, 6th Dist., Lucas Co.
No. 1869.    Decided June 6, 1927.

874. ORDINANCES—Constitutional Law—Where ordinance provides that when a locomotive engine or train of cars shall have crossed any street where travel is upon the grade of the railroad track and that no other engine or car shall cross such street until all detained persons or vehicles have crossed, instruction to jury that such ordinance is unconstitutional, void and of no effect, is prejudicial error.

First Publication of this Opinion

LLOYD, J.

Robert Gallup, while driving a truck, collided with a train of the defendant, the New York, Chicago and St. Louis Railroad Co., known as the Nickel Plate, at a crossing in Toledo, Ohio, and subsequently died from injuries sustained by him.

The Nickel Plate trains were operated on the tracks of the Toledo Terminal Railroad Co. pursuant to an agreement between them. It seems, as Gallup, proceeding in an easterly direction approached the tracks, a southbound Hocking Valley train passed over the crossing on the westerly track, there being two tracks at this point.    After this train had passed Gallup proceeded to cross the tracks and was struck by a northbound Nickel Plate train approaching on the easterly track.

It was claimed in the Lucas Common Pleas, where suit was filed against the railroad companies originally, that an electrically operated wigwag was not operating, and that no warning was given, an ordinance of the City of Toledo thereby being violated. The trial in the common pleas resulted in a general verdict in favor of defendants. Error was prosecuted and the Court of Appeals held:—

1. The trial judge gave the jury defendants' request No. 2 as follows:

"The burden of proof is upon the plaintiff to show by a preponderence of evidence that the defendant railroad companies were guilty of negligence in one or more of the respects set forth in plaintiff's petition, and that such negligence was the proximate or direct cause of the death of Robert D. Gallup, and unless you so find, your verdict must be for the defendant railroad companies."

2. The only negligence charged against the Terminal is the failure of the wigwag signal to operate after the passing of the Hocking Valley train because of its alleged defective condition.    Other than this, its liability, if any, was created by operation of law.

3. If the facts and the law were such as to warrant a recovery by plaintiff against the

Nickel Plate, then the plaintiff was entitled also to a verdict against the Terminal, because of the operating agreement existing between those two defendants, regardless of whether or not the Terminal was negligent.

4. The jury may very well have understood this instruction to have meant, and so understanding to have found, that if the Terminal was not negligent the verdict should be in favor of both defendants regardless of whether the Nickel Plate was or was not negligent; and nowhere in the general charge did the court instruct the jury otherwise. The giving of this instruction was therefore prejudicial error.

5. Request No. 3 of the defendants reads as follows:

"Should you find by a preponderence of the evidence that the defendant railroad companies were guilty of negligence in any one or more of the respects alleged in the petition, and that such negligence was the proximate cause of the death of Robert D. Gallup, your verdict must nevertheless be for the defendant railroad companies if you further find by a preponderence of the evidence that said Robert D. Gallup was himself guilty of negligence in the slightest degree causing or contributing to his death."

6. The giving of this instruction was prejudicial error for the reason that if the decedent was negligent, his negligence, to bar a recovery, must either have been the direct or proximate cause of his death or have contributed directly or proximately thereto.

7. For the reason first above given as to the impropriety of request No. 3, the giving of defendant's request No. 4 was also prejudicial error in that the court failed likewise to qualify by either of the words "direct" or proximate" what is stated therein as to contributory negligence of the decedent.

8. The lower court in charging that an ordinance of the City of Toledo was unconstitutional and void, said ordinance providing that where a locomotive, or train of cars shall have passed any street where travel is upon the grade of the railroad tracks, no other locomotive, etc., shall cross such street until all detained persons and vehicles shall have had ample time to cross the tracks, committed prejudicial error; for the reason that said ordinance is valid as a police regulation. Leis v. Railway Co., 101 OS. 165, 168.

Judgment reversed and cause remanded.

(Richards and Williams, JJ., concur.)

Attorneys—C. A. Thatcher and C. A. Meck for Gallup; Fraser, Hiett, Wall & Effler, Walter A. Eversman and Charles W. Racine for Terminal Co., et; all of Toledo.