## FREAS v SULLIVAN

Ohio Appeals, 9th Dist, Summit Co

No 2582. Decided May 6, 1935

Weick, Powers & Mason, Akron, for plaintiff in error.

Edw. N. Heiser, Akron, and Burroughs & Burroughs, Akron, for defendant in error.

## OPINION

By STEVENS, J.

These several assignments of error will be considered in the order of their enumeration.

1. Did the court err when it submitted the issue of wanton misconduct to the jury?

The record, in the testimony of defendant, discloses the following:

Defendant saw the Long car inclining to the left in the road in front of him in such a position as to crowd defendant when he attempted to pass if said Long car continued its course, but in spite of that knowledge and the admonition claimed to have been given by plaintiff, and after blowing his horn three times and without lessening his speed, which must have been 50 miles an hour or more, defendant kept on in his attempt to pass said Long car, drove on to the berm of the road, and came into collision with the rear part of the Long car, and all of this in the presence of a curve in the road some 175 to 200 feet beyond the point of collision.

Applying to these facts the test prescribed by the Supreme Court in **Trucking Co. v Fairchild, 128 Oh St 519**, at p. 532, as follows:

(a) Was there great probability of harm to persons in plaintiff's situation at that time?

(b) Did defendant actually know of this probability?

(c) Was there a duty owing by defendant to plaintiff to use care to prevent harm?

(d) Was such duty fulfilled?—

We are constrained to conclude that questions (a), (b) and (c) must be answered in the affirmative, and question (d) in the negative, and from these conclusions we are impelled to the conviction that there was some evidence of wanton misconduct disclosed by the record, and that it was not error for the court to properly charge upon that subject.

2. Did the court properly charge on the subject of wanton misconduct?

It is claimed by defendant that the court, in its general charge, referred to "wanton negligence" and failed to define that term.

We are of the opinion that plaintiff's special request No. 2, which was given, does define wanton negligence in conformity to the rule announced in **Higbee Co. v Jackson, 101 Oh St 75**, and approved in Trucking Co.

v Fairchild, supra, and that there was no confusion of the terms "negligence" and "wanton misconduct," as claimed by defendant.

The cases cited by defendant apply to confusion of the terms **"wilful** misconduct" and "negligence," and it seems to us are not controlling in the instant case.

It is further claimed that the court erroneously charged the jury that wanton negligence could only be applied to defendant, while under the Pennsylvania law it is a complete defense if an invited guest, knowing the facts, fails to remonstrate as to the manner in which the car is being operated, and he will be held to have joined in testing the danger. It is accordingly asserted by defendant that, assuming that defendant was guilty of wanton misconduct, plaintiff was likewise guilty of contributory wanton misconduct which would bar recovery, in the absence of remonstrance.

The trial judge was careful to fully and clearly charge upon the issue of contributory simple negligence upon the part of plaintiff, and the consequences thereof if the jury found the defendant guilty of only simple negligence; and our attention has not been directed to any case wherein the wanton misconduct of a guest in an automobile has precluded his recovery, based upon the proximate wanton misconduct of the defendant driver thereof.

There may be circumstances under which it might be properly held that a guest was guilty of contributory wanton misconduct, but the circumstances shown by the record in the instant case do not warrant any such inference, and we hold that in this case it was not error for the court to charge that "wanton negligence * * * could only be applied to the defendant."

3. It is claimed that the trial court failed to define the duty owing to plaintiff by defendant.

We have carefully studied the charge of the court, and we are unanimously of the opinion that the court did define, upon page 204 of the record, the duty owing by defendant to plaintiff. However, if it were possible to conclude that the duty owing was not therein defined, the error in this case, if any, was one of omission and not of commission; and not having been expressly called to the attention of the court, does not constitute reversible error.

4. We are of the opinion that, under the Pennsylvania law, which is applicable to this case, defendant's requests Nos. 6 and 7 were improper unless qualified or supplemented, and therefore it was not error for the trial court to refuse to give them before argument.

5. It is claimed that error intervened when the trial court permitted evidence to be received as to the criminal proceedings against defendant, which proceedings were instituted in the justice of the peace court of Wm. F. Neely in Pennsylvania.

It will be observed that the prosecution was one for reckless driving, growing out of the collision under consideration, and that the defendant pleaded guilty to the charge.

The case of Gruich v Adkins (No. 1923, Summit County), decided by this court on Dec. 2, 1931, seems to us to be dispositive of this contention. It is therein stated "(b) that the record of a conviction should not be used in evidence in an action brought for such purpose unless obtained by a confession in open court."

The conviction of defendant was procured by reason of his plea of guilty, and having been so obtained, was properly received in evidence as a declaration against interest, and moreover, the court, in the general charge, limited the purpose for which such evidence could be considered by the jury and adequately protected the rights of defendant in connection therewith.

6. The testimony of Mr. and Mrs. Figg, consisting of declarations claimed to have been made to them by defendant approximately two weeks after the collision in question, does not fall within the rule announced in **Neisner Bros., Inc. v Schafer, 124 Oh St 311,** and accordingly it was not error to receive it.

We are of the opinion that substantial justice has been accomplished in this action, and the judgment will accordingly be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.