## ABBOTT, Admx. v COCKE, et

Ohio Appeals, 9th Dist, Summit Co

No 3002. Decided May 24, 1938

Schwab & Hinton, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee Lowery L. Cocke.

**OPINION**

By STEVENS, PJ.

Plaintiff, Vida M. Abbott, as administratrix of the estate of her deceased daughter, Fredda Abbott, instituted a joint action against the defendants, Cocke and Jurk, to recover for the wrongful death of her said daughter, which it was claimed had been proxi-mately caused by the concurrent negligence of the defendants

At the conclusion of all of the evidence, the defendant Cocke moved for judgment in his favor. The trial court thereupon directed a verdict in favor of both defendants; the reasons assigned being that there had been a failure of proof against Cocke, and that no judgment could be rendered against Jurk without returning a verdict against Cocke since Jurk was a resident of another county and had been served with summons therein.

Upon the verdict for the defendants that was returned by the jury as directed, judgment was entered. Appeal upon questions of law brings the matter into this court for consideration.

The record discloses that shortly before 7 o'clock in the evening of May 6, 1936, the decedent, Fredda Abbott, was riding in an automobile operated by the defendant Cocke upon Brook Park Road in Cuyahoga County, Ohio; that Cocke and the decedent were at said time engaged in the prosecution of the business of the company by which both were employed; that Cocke was the decedent's immediate superior and that she was riding with him in pursuance of instructions given to her by him.

As said automobile proceeded in an easterly direction upon said Brook Park Road, it came into collision with an automobile being driven westerly upon said road by the defendant Richard Jurk; and, as a result of said collision, the decedent, Fredda Abbott, sustained injuries from which she very shortly died.

The evidence shows that Brook Park Road was paved to a width of 40 feet; that the collision occurred in broad daylight; that the weather was clear and dry; that, so far as could be seen, no other car was approaching the automobile in which decedent was riding, nor was any car preceding it, at the time of the collision.

The defendant Cocke's testimony indicates that immediately prior to the collision he was looking to his right, listening to the reading of a telegram by the decedent which had to do with

the business on which they were jointly engaged; that while so operating said automobile, the defendant Cocke heard the screeching of brakes and turned completely around to look out the rear window of his car; that as he turned and looked back to the east, there was a flash and the collision immediately occurred. Cocke testifies that before the collision he did not see the automobile with which he collided until that car was within 10 feet of the front end of his car.

There is evidence in the record that the car of Cooke was proceeding at a high rate of speed—to-wit, 50 to 60 miles an hour—and there is likewise evidence in the record indicating that the point of collision was somewhat south of the center of Brook Park Road. As to the speed of the car which Cocke was driving, and as to the exact location of the collision, there is a conflict in the evidence.

There is also evidence in the record that the car which the defendant Jurk was driving had come to a complete stop immediately prior to the collision, at a point where, if Cocke had been observing the highway in front of him, he could have avoided the collision.

During the trial, the plaintiff offered evidence to show that, after Cocke's discharge from the hospital, he had talked with this plaintiff and had said that he was dreadfully sorry, and if he had been looking he could have avoided the accident.

This question was propounded to Cocke on cross-examination by plaintiff, and an objection was interposed thereto, which was sustained. When Cocke testified in chief upon his own behalf, plaintiff, upon cross-examination, again asked the same question, and again an objection thereto was sustained. In rebuttal, the plaintiff then offered herself as a witness and was asked whether or not such a statement had been made to her by Cocke, to which question an objection was sustained and proffer made of the answer.

Two principal errors are urged by the plaintiff as warranting a reversal of this judgment:

1. That the trial court erred in sustaining the objections to the answers which, if given, would have been evidence of the making by Cocke of the declaration against his own interest.

2. That the trial court erred in directing a verdict for the defendants.

In its opinion on the motion for a new trial, the trial court stated:

"The subject-matter of the claimed error on the part of the Court involves the right to elicit from a defendant on cross-examination certain conversational matters which tend to give the party's own conclusion as to the one at fault for the collision. The decisions of the higher courts on this subject clearly show experimental uncertainty on this kind of inquiry * * *."

The members of this court do not understand that in Ohio there exists any degree of uncertainty concerning the admissibility of a declaration against interest made by a defendant, even tho such declaration is in the form of a conclusion of the defendant, provided such admission is material and relevant. In the instant case, however, the declaration sought to be elicited was an admission of fact rather than the statement of a conclusion. Nor do we understand that there is any question concerning the admissibility of an answer to such question propounded to the defendant upon cross-examination.

This court in the case of **Freas v Sullivan, 20 Abs 350,** held that statements claimed to have been made by a defendant two weeks after the collision in question did not fall within the rule announced by the Supreme Court in **Neisner Bros., Inc. v Schafer, 124 Oh St 311,** and the Supreme Court in passing upon the Sullivan case in **130 Oh St 486, at p. 491,** held such testimony to be competent in that it related to what the defendant had said to the witnesses, two weeks after the occurrence of the collision, concerning his individual responsibility for the collision.

This court had theretofore held such

evidence to be competent in **Hatter v McMunn, 18 Abs 601,** and in **Taplin-Rice-Clerkin Co. v McMahen, 31 Oh Ap 365,** at p. **370.**

It is stated in **17 O. Jur. Evidence, §232:**

"Declarations against Interest—General Rule.—The broad hearsay rule which forbids a witness to testify to statements or assertions made by other persons is subject to many well-established exceptions. One of the most important of these exceptions relates to admissions and declarations against or in conflict with the proprietary interest of the declarant. The law permits a witness to testify to such assertions notwithstanding the general principle excluding hearsay; accordingly, the rule is well established that admissions and declarations against interest may be given in evidence against the declarant, and material facts may thus be shown by the admissions and declarations of the opposite party, as well as by other evidence, even though the statement contains some elements that otherwise would not be admissible. To state the rule in another manner, an admission of a fact is always evidence of the fact against the party making it. It is of the same nature as an estoppel, though not so high in degree, and may be allowed to establish facts which, were it not for the admission, must have been proved by certain steps provided by law for that purpose. * * *"

And in Sec. 233, Ibid.:
"—Grounds of Admission.—The basis of the rule which allows a declaration against the interest of the declarant to be given in evidence is said to be the 'extreme improbability of its falsehood,' the regard which men usually have for their own interest being deemed a sufficient security that their declarations against interest are not made under any mistake of fact, or from want of information; such declarations are admitted on the presumption that the declarant is best acquainted with his own rights, and that he would not make such a declaration unless it were

true. That this interest should have a truth-telling influence upon the declarant is generally conceded."

See, also, cases cited under Secs. 232 and 233.

This court is of the opinion that, under the record in this case, the trial court committed prejudicial error in excluding this evidence of a declaration against interest claimed to have been made by the defendant Cocke, for the reason that such evidence was vitally important as bearing upon the subject of the negligence of Cocke.

Entirely aside from the evidence of an admission against interest by Cocke, we are of the opinion, upon the record presented to us, that reasonable minds might reasonably have reached different conclusions as to Cocke's negligence; and, with the declaration against interest in evidence, there can be no question but that the trial court invaded the province of the jury when it considered the evidence of the defendant Jurk as of no probative value, and concluded that reasonable minds could reasonably reach but one conclusion, and that favorable to the defendant Cocke.

Where such a conflict in the evidence as is revealed by this record, this court is of the opinion that the trial court could not with propriety accept some evidence as true, and reject other evidence as having no probative effect, and, upon the conclusions thus reached, direct a verdict for one or both of the defendants. The question of the weight to be attached to conflicting evidence was essentially for the jury, in our judgment, this case should have been submitted to the jury for its determination of the weight to be accorded to the evidence offered.

For error of the trial court in excluding evidence offered by plaintiff, and in directing a verdict for the defendants and entering judgment thereon, the judgment of the trial court will be

reversed, and the cause remanded for further proceedings in conformity to law.

WASHBURN, J, and DOYLE, J, concur.