**WEHRLE, et, Plaintiffs-Appellee, v GENERAL MOTORS CORP., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6701. Decided October 21, 1946.

Jack Glenn Williams, Cincinnati, for plaintiffs-appellee.
Henry M. Hogan and Wm. J. Higley, Toledo, for defendant-appellant.

**OPINION**

By MATTHEWS, J.:

In this case a judgment was rendered on a verdict against a self-insurer, in favor of the dependents of a deceased employee. The case is here on appeal on questions of law.

There is no dispute that the defendant had complied as a self-insurer with the Workmen's Compensation Law and that the decedent was in its employ at the time it is claimed he received an injury in the course of and arising out of his employment that directly caused his death.

It is asserted that various errors were committed at the trial which necessitate a reversal of the judgment.

(1) Following the death of the decedent, an inquest was conducted by the coroner resulting in a finding that the cause of death was "Osteomyelitis—Left Femur," and underneath this the word "accidental."

When the inquest verdict was offered, the defendant objected to its introduction on the ground that the coroner had assumed to decide whether or not the decedent's condition was the result of an accident by including the word "accidental."

It will be observed that the objection was to the introduction of any part of the finding of the coroner, because of the inclusion of the word "accidental" notwithstanding it seems to have been conceded that the rest of the finding would be admissible although by brief and oral argument it is now claimed that §2856 GC, authorizes an inquest only when such inquest is invoked because the death is supposed to have been caused by unlawful or "suspicious means" and that the record shows no unlawful means. However, we are of the opinion that the authority of the coroner does not depend on the actual death by unlawful or suspicious means (whatever that may imply) but rather upon the information furnished to the coroner upon which he proceeded and as the record shows nothing in that regard we must assume the information was such as to justify the coroner in proceeding.

Having proceeded within his authority, the record of his proceedings became a public record or report, admissible under

§12102-26 GC, at least to the extent that it recorded that which was within his duty.

In 20 Am. Jur., 770, it is said: "When documentary evidence is material or relevant to issues in a case on trial, the entire document may be introduced, although it contains incompetent and irrelevant matters."

And, in 53 Am. Jur., 125, the rule is stated to be that: "When documentary proof offered in evidence contains matters that are inadmissible, a general objection to the whole document is insufficient when it contains also matters that are properly admissible."

See, also: **39 O. Jur., 655, 656.**

Without deciding that the coroner exceeded his authority by including the word "accidental" we hold that as the rest of his finding was clearly within his authority, an objection going to the whole document was too broad and was properly overruled, notwithstanding, had the Court been requested, it might have been required either to exclude the objectionable word from the jury, or instruct it to disregard it.

(2) Objections were also made to the introduction of death certificates, because they also included the word "accidental." It is conceded that §231 GC, makes death certificates admissible in evidence to the extent that they recite those things authorized by law.

We are of the opinion that the objections to these certificates were too broad for the same reason that the objection to the coroner's verdict was too broad.

(3) Dr. Blankenhorn examined the decedent while he was confined in a hospital in a delirium as a result of his condition. He was asked this question:

"State whether or not such a condition as you found in your examination of Mr. Wright at the Bethesda Hospital might happen to any person regardless of his occupation, Doctor?"

An objection to this question was sustained. It is now claimed that this was error.

An examination of this witness' testimony discloses that he was permitted to testify at great length as to what he discovered from his examination and his conclusion that Mr. Wright's condition had not resulted from trauma.

Even assuming that the question of whether such condition might occur regardless of occupation would be material

(which we do not find) it is our conclusion that this witness was permitted to testify fully not only to what he discovered from his examination, but also as to his conclusions of opinions based thereon, and that no prejudice resulted from the sustaining of this objection.

(4) It is also urged that the court should have sustained the defendant's motions for an instructed verdict, both on the ground that there was no evidence of an injury in the course of and arising out of the employment, and no evidence that death resulted therefrom.

We have read this record. The decedent's own testimony is a part of it. He testified to the injury and was corroborated to a certain extent by two of his fellow employees. There was substantial evidence that his health was good before that time and all the evidence shows that his condition right after the date of the injury became very grave and progressed from that point until his death. We cannot say that the inference that death resulted from the injury is unreasonable.

We find no substantial prejudicial error in the record.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.