Dorsten, Appellant, *v.* Lawrence et al., Appellees.

[Cite as Dorsten v. Lawrence, 20 Ohio App. 2d 297.]

298

(No. 6591—Decided December 10, 1969.)

Messrs. *Schnorf, Schnorf & Schnorf*, for appellant.
Messrs. *Finn, Manahan & Pietrykowski*, for appellees.

BROWN, P. J. This is an appeal on questions of law from a jury verdict in favor of defendant-appellee, Thomas Lawrence, and his employer, the defendant Hennes Trucking Company, arising out of a personal injury claim of plaintiff, appellant herein, incident to a collision on November 2, 1965.

At the time of the collision plaintiff was driving his

automobile northerly on Reynolds Road in Toledo, Ohio, and at the intersection of Reynolds Road with Hill Avenue, controlled by a three-phase traffic light signal device, plaintiff was making a left turn westerly into Hill Avenue from Reynolds Road. Reynolds Road is a four-lane north and south roadway, accommodating traffic in each direction with two lanes. The defendant Thomas Lawrence was driving his truck southerly in the outside lane on Reynolds Road for southbound traffic, entered the foregoing Reynolds-Hill intersection, intending to proceed through it staying on Reynolds Road, and, in the intersection, collided with the right side of plaintiff's car as it was negotiating its left turn into Hill Avenue and while plaintiff's car was in the outside lane for southbound traffic on Reynolds Road. The defendant Lawrence alone will be referred to as defendant throughout this opinion.

The errors assigned by plaintiff require consideration of the salient parts of the evidence adduced. There was a sharp conflict in evidence concerning whether plaintiff entered the intersection lawfully on a green or an amber "caution" signal or unlawfully on a red signal, and whether defendant entered the intersection on a green, amber or red traffic signal. Fault of either party hinged primarily on the color of the traffic signal as either entered the intersection.

Plaintiff produced these witnesses who on direct examination testified essentially as follows. Virginia Hutchinson, driving a school bus southerly on Reynolds Road on the inside lane, testified that as she drew up to the intersection the traffic light had turned from green to caution and then red and, as she stopped for the red light and at the time the light turned to red, the defendant's truck passed her school bus on her right side proceeding into the intersection and colliding with plaintiff making his left turn.

Thomas Lyons, driving north on the inside lane on Reynolds Road, was two or three cars behind the plaintiff. He testified that when he was about 100 feet from the intersection the light changed from green to amber "cau-

tion" and he decelerated and then stopped, and thereupon the collision followed; and that prior thereto, while plaintiff was waiting to make his left turn, stopped in the intersection, the light was amber.

Thomas Worstell was also traveling north on Reynolds Road, immediately ahead of the witness Lyons, and testified that the light was green until he was about 30 feet from the intersection, that it then turned to amber while plaintiff's car was in the intersection stopped, waiting to make a left turn, and that after he (Worstell) had crossed the intersection and reached a point north of it he heard the collision thud.

Bud Endsley, superintendent of traffic signals, testified that the traffic signal at Reynolds-Hill had a four-way red signal for three seconds, that when the amber came on for Reynolds Road red showed for Hill Avenue, and that when the red light came on for Reynolds Road there was a red light indicated for three seconds on Hill Avenue; so that there was a three-second interval for a red signal showing in all four directions at such intersection.

Alan Wilhelm, working outside his house on the west side of Reynolds Road, about 500 feet south of the intersection, heard the collision but did not see the impact and, in explaining the phasing of the traffic-signal device at the intersection, substantially supported Mr. Endsley, the traffic signal superintendent, concerning the four-way red signal for a short interval. Likewise, Walter McQuillan, familiar with the intersection, corroborated Mr. Endsley.

On the other hand, the defendant presented witnesses driving vehicles in the vicinity of the intersection at the time of the collision, or at a place of business near the intersection, namely, Robert Nickel, Rosalie Miller and Susann Emline, whose testimony directly or by inference contradicted, in whole or in part, the testimony of the witnesses produced by the plaintiff with reference to the color of the traffic signal for Reynolds Road traffic at the time of the collision.

Plaintiff's first assignment of error is that the trial court committed prejudicial error in admitting in evidence,

over plaintiff's objection, a portion of plaintiff's hospital record at Toledo Hospital, which contained hearsay and opinions bearing directly on the issue of liability. The challenged page 4 of the hospital record report, Exhibit V, reads:

"Present Illness:

"The patient was a driver of a car, headed to his practice teaching from Bowling Green. He was driving down Reynolds Road and according to the police was going to make a left turn and his vision was obscured by a bus that was waiting to make a left turn in the opposite direction. He was hit by a truck that was passing the bus properly on the right. The car was supposedly demolished according to the police. The other two passengers were killed. This boy has blood coming out of his ear, he is conscious, seems oriented. He remembers passing Maumee, Ohio but does not remember anything more. He knows this is November 2, 1965, Tuesday. He is alert, otherwise, knows he lives in Dayton."

It is intimated that the facts on page 4 of Exhibit V were given by a police officer, but the record does not indicate what person furnished the information reported on page 4. The one crucial statement on page 4, "* * * hit by a truck that was passing the bus properly on the right," pertains to a cause of the accident resulting in plaintiff's injuries and not to the medical or surgical treatment of the plaintiff as a patient in the hospital. Therefore, it violates the rule stated in *Green* v. *Cleveland*, 150 Ohio St. 441, paragraph one of the syllabus thereof. A hospital record, so far as it pertains to a cause of an accident resulting in injuries to a person causing his resort to a hospital and not to the medical or surgical treatment of the patient in the hospital, is inadmissible in evidence as a business record within the purview of Section 2317.40, Revised Code.

Page 4 of the hospital record is inadmissible for the further reason that the reference to defendant passing properly on the right is opinion evidence based on hearsay. Opinion evidence based on hearsay from a lay person and contained in a hospital report is error, and where it is a

crucial part of the evidence bearing on the fault of one of the parties in a case and is admitted in evidence over objection of the losing party its admission is prejudicial error. *Lewis* v. *Woodland,* 101 Ohio App. 442.

Defendant contends that the rule announced in *Vencill* v. *Cornwell,* 103 Ohio App. 217 applies. In *Vencill, supra,* the court held that where an exhibit consists of several items of evidence, part admissible and part inadmissible, the entire exhibit must be admitted where only a general objection is made to the entire exhibit. That case is inapplicable.

The defendant also urges that *Agler* v. *Schine Theatrical Co.,* 59 Ohio App. 68, like the *Vencill case, supra,* supports the contention that page 4 of the hospital report in the case at bar is admissible in evidence The *Agler case, supra,* where defendant's sign board fell over and injured plaintiff, involved admissibility in evidence as an exhibit of the sign board changed in construction (by addition of a chain hook at the top suspending a cement block) from the sign board which injured the plaintiff. The objection by plaintiff to admission of the changed sign board was general, and the evidence was admitted over objection. In *Agler, supra,* at page 70 in the opinion, the reviewing court held that the changed sign board was admissible evidence for the purpose of identifying the sign board, but not admissible to prove negligence of the defendant, and that, the objection being general and the testimony being admissible for one purpose and inadmissible for another purpose, it was not error for the trial court to admit it. *Yuin* v. *Hilton,* 165 Ohio St. 164; *Carson* v. *Metropolitan Life Ins. Co.,* 156 Ohio St. 104; *Lebanon* v. *Schwartz,* 4 Ohio App. 173, at pages 175 and 176; 29 American Jurisprudence 2d 929, Section 837; *Wehrle* v. *General Motors,* 51 Ohio Law Abs. 220; 21 Ohio Jurisprudence 2d 201, Evidence, Section 188, Evidence Admissible for One Purpose but not for Another; 21 Ohio Jurisprudence 2d 552, Section 529.

By contrast, page 4 of the hospital report was admissible for *no* purpose, because the *entire* page was hearsay coupled with opinion evidence having nothing to do with

the medical or surgical treatment of plaintiff at the hospital. Thus, it was violative of the rule clearly announced and previously discussed herein in the *Green* and the *Lewis cases, supra. Ipso facto,* it does not fall within the scope of admissibility of evidence discussed in the *Vencill* and *Agler cases, supra.* Accordingly, the first assignment of error challenging admissibility in evidence of page 4 of the hospital report is well taken.

The second assignment of error claims improper cross-examination by the defendant, over objection by plaintiff, of plaintiff's witness Virginia Hutchinson driver of the bus which defendant passed close to the collision intersection, incident to defendant's effort to impeach this witness by her alleged inconsistent statements, primarily with reference to her statement to a rider on her bus that the driver of the car (plaintiff) was at fault. The pertinent part of this cross-examination by the defendant, and plaintiff's objections, were as follows:

"Q. And you recall telling Rosalie afterward that the driver of the car was at fault for the accident?

"Mr. B. Schnorf: I'll object.

"A. I don't remember.

"(By Mr. Manahan) You don't remember?

"The Court: Wait just a minute, objection, and I think the objection will be sustained unless you name the time and place when this alleged statement was made.
"* * * *

"Q. Then do you recall then saying to her on that same day that the driver of the car was at fault? A. No, sir.

"Mr. B. Schnorf: I'll object.

"The Court: Overruled, she may answer.

"Q. (By Mr. Manahan) You don't recall it? A. No.
"* * * *."

Also, the trial court permitted, over plaintiff's objections, the following opinion testimony on cross-examination of Virginia Hutchinson, relevant to plaintiff's use of reasonable care, namely:

"Q. Do you recall this question being asked you 'Did

the car appear to speed up faster, or do you think anyone in the car saw the truck coming, or did it just—or did it happen just that fast that—' and then you interrupted and said, 'I think he just tried whipping around thinking he had time,' do you remember saying that?

"Mr. D. Schnorf: Objection and ask that go out. These are first of all, your Honor—

"The Court: Overruled, if she remembers.

"Q. (By Mr. Manahan) Do you recall that? A. If you have it wrote down I must have said it."

The foregoing opinion testimony concerning which driver was at fault, and opinion testimony as to what one driver was thinking preceding an impending collision, is inadmissible for several reasons and constitutes prejudicial error. A witness who testifies as to facts cannot be discredited by evidence of the expression of an opinion relative to the merits of the case. *Schneiderman* v. *Sesanstein,* 121 Ohio St. 80. The declaration of an eyewitness, who was not a party to the suit, that the accident was caused by the fault of one of the parties, is but an expression of an opinion on an ultimate issue to be determined by the jury, and is not competent, either as original or impeaching evidence, and because of its prejudicial character its admission for the purpose of impeaching the witness constitutes reversible error. *Cottom* v. *Klein,* 123 Ohio St. 440.*

---

*The rule that a *witness* who is not a party can not be impeached by his prior statement expressing an *opinion* about the fault of one of the parties is not to be confused with the rule which permits introduction into evidence of an *admission against interest* made by a *party* to the case where such admission concerns an *opinion* or conclusion as to his fault. *Freas* v. *Sullivan,* 130 Ohio St. 486, paragraphs eight and nine of the syllabus and at page 491; *Eakins* v. *Nash,* 118 Ohio App. 280, paragraph one of the syllabus and at page 282; *Kaczmarek* v. *Murphy,* 78 Ohio App. 449; 118 A. L. R. 1231; 21 Ohio Jurisprudence 2d 327, Section 315; 29 American Jurisprudence 2d 659, Section 604; 31A Corpus Juris Secundum 703, 704, Section 272(b); McCormick on Evidence, 508, Section 241.

Such admission against interest by a party is admissible as substantive proof on the issues, without any need of testimony from the party making such admission. It may serve a secondary purpose of impeaching the party making such admission if he testifies. McCormick, *supra,* 503, Section 239.

The foregoing attempted impeachment of Virginia Hutchinson has an additional objectional feature. Unlike the *Cottom case, supra,* where at least an impeaching witness, Klein, was asked to testify about the contradictory statement made by the impeached witness, Cottom, in the present *Dorsten case,* before us for review, the defense produced no witness to offer impeaching testimony which would impeach the denial of Virginia Hutchinson at the trial that she ever stated to Rosalie (Rosalie Miller) that the driver of the other car was at fault.

Prior inconsistent statements of a witness must, to be effective in impeachment of such witness's present testimony, be brought before the court and jury in some appropriate manner, 58 American Jurisprudence 425, Section 775; and, after a proper foundation for impeachment has been laid for the introduction of inconsistent statements of a witness, it becomes necessary to prove them. 58 American Jurisprudence 430, Section 781. The absence of such impeaching testimony from an impeaching witness, or from some documentary evidence properly admitted, gives rise to no proof that the witness, sought to be impeached, ever made the contradictory or inconsistent statement; and, when this is followed at the close of the evidence and final arguments to the jury by the trial court's general instructions to the jury, as it was in the present case, concerning the rules pertaining to determining credibility and impeachment of witnesses, the prejudicial nature of the error incident to attempted impeachment of a witness is compounded and made much more serious.

Defendant argues that the claimed witness-impeachment error involving the witness Virginia Hutchinson was at the most technical and, therefore, harmless and not reversible error, and that the claimed error surrounding the opinion and hearsay nature of page 4 of the hospital report falls into the same category. *Smith* v. *Flesher,* 12 Ohio St. 2d 107. With this conclusion we disagree. Plaintiff's serious injuries caused traumatic amnesia and erased plaintiff's recollection of the traffic light, and its color, and other facts surrounding the collision except the fact that plaintiff was making a left turn. His proof, by positive testi-

mony or inferences therefrom, as to the traffic signal showing red when the defendant entered the intersection depended upon the witness Virginia Hutchinson and two other eyewitnesses. To prove the contrary, that the traffic light was green or amber when defendant entered the intersection, defendant himself so testified and had three eyewitnesses whose positive testimony, or inferences therefrom, supported his testimony. With the quantum of proof on a crucial fact relevant to defendant's negligence and consequent liability so nearly balanced between the parties, the successful, improper impeachment of one of plaintiff's witnesses, Virginia Hutchinson, could easily be enough to sway the jury to render the verdict for the defendant. Virginia Hutchinson, one of the three eyewitnesses supporting the plaintiff, appeared to be in the best position of these three to see the color of the traffic light at the time of the collision, for she was waiting to make a left turn easterly into Hill Avenue. Such unlawful impeachment of Virginia Hutchinson could easily persuade twelve reasonable minds to give less credibility and weight to plaintiff's other two eyewitnesses who testified directly or by inference that the light was red for the defendant. It could easily cause the jury to react against plaintiff and all his witnesses, concluding that all witnesses on plaintiff's side were, more or less, conjurers and fabricators. This is so because the three witnesses testifying for defendant that he had a green light entering the intersection were not subjected to the same improper impeachment process. The erroneous admission of page 4 of the hospital report, "* * * truck * * * passing that bus properly on the right * * *," accentuates, and relates to, the area of inquiry involving the erroneous impeachment of Virginia Hutchinson, namely, the inquiry as to whether the plaintiff was at fault.

For a third assignment of error, plaintiff attacks, for three reasons, the correctness of special instruction No. 11 requested by the defendant and submitted to the jury, which provided:

"The court charges you as a matter of law that a per-

son is negligent if he does not see that which is plainly visible and which would have been seen by a reasonably prudent person under the same or similar circumstances. In this case, if the plaintiff failed to see the approaching truck, which would have been seen by a reasonably prudent person under the same or similar circumstances, then he was negligent, and if such negligence contributed to cause the collision and resulting damage, he cannot recover and your verdict must be for the defendants.''

Plaintiff argues that the foregoing instruction, by using the introductory phrase, ''The court charges you as a matter of law,'' characterized plaintiff's conduct in failing to see what a reasonable person would see as negligence as a matter of law and was, therefore, erroneous. *Swoboda* v. *Brown*, 129 Ohio St. 512; *Eisenhuth* v. *Moneyhon*, 161 Ohio St. 367. This contention is without merit. This jury instruction does not state that defendant is guilty of negligence as a matter of law (negligence per se) but only prescribes a standard or rule by which the jury should determine as a matter of fact whether plaintiff was negligent in this respect, and it is left to the jury to determine this fact.

Secondly, the plaintiff argues that special instruction No. 11 gives a one-sided and incomplete view of the case by singling out that plaintiff, as a reasonable, prudent man, should have seen defendant's truck; and that this instruction did not consider this failure of plaintiff to see in relation to defendant's lawful or unlawful use of the roadway at the time of the collision, or, more specifically, in relation to defendant's entering the intersection on a red light. As previously mentioned, three witnesses did testify in effect that the defendant entered the intersection on a red light. If defendant entered the intersection on a red light, defendant was negligent as a matter of law, and it made no difference, in that event, if plaintiff saw, plainly or otherwise, defendant's truck; and in that factual context this instruction was completely erroneous.

Thirdly, plaintiff also complains that instruction No. 11 instructs the jury that if plaintiff's ''negligence contributes to cause the collision'' he cannot recover, and does

not state correctly that such negligence of plaintiff must be a "direct and proximate" cause of the collision in order to bar recovery. This is error. A jury instruction which fails to state the necessity of contributory negligence being a direct or proximate cause of the collision and consequent injury in order to bar recovery is prejudicial and reversible error. *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.,* 6 Ohio St. 2d 192; *Schweinfurth* v. *Cleveland C. C. & St. L. Ry. Co.,* 60 Ohio St. 215; *Gallup* v. *Toledo Terminal Rd. Co.,* 26 Ohio App. 447; 39 Ohio Jurisprudence 2d 661, Negligence, Section 107. For a contrary conclusion, defendant relies on the case of *Lackner* v. *Burns,* 175 Ohio St. 469, which holds that it is not error to give a special instruction which *correctly states* the law pertinent to one or more issues of the case even though it is not a full and comprehensive statement of the law. The *Lackner case, supra,* is not applicable or controlling because it is predicated upon giving a *correct* statement of the law. In the present *Dorsten case* an *incorrect* statement of law was given in the jury charge which charge barred recovery if plaintiff's "negligence contributed to cause the collision," instead of stating that recovery was barred if plaintiff's "negligence directly and proximately contributed to cause the collision."

Because plaintiff's second and third reasons, previously discussed, are sound for attacking special instruction No. 11, and in view of the correct rules of law applicable to the issue, which defendant requested the trial court to submit to the jury by such instruction, based on *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.,* 6 Ohio St. 2d 192, at pages 194, 195 and 196, a proper charge on such issue would be substantially as follows, or its equivalent, namely:

"The court charges you as a matter of law that plaintiff was negligent if defendant's truck was plainly visible and plaintiff did not see it and which would have been seen by a reasonably prudent person under the same or similar circumstances, but only if you find from all the evidence that defendant was in the lawful use of the roadway and did not enter the intersection on a red light. If you find

from all the evidence in this case that plaintiff was negligent and that such negligence was a direct and proximate cause of the accident and injuries of which plaintiff complains your verdict must be for the defendant.''

By reason of the errors of law occurring, the judgment on the jury verdict for the defendant is reversed, and the cause remanded to the Common Pleas Court of Lucas County for a new trial.

*Judgment reversed.*

STRAUB and POTTER, JJ., concur.