**GREEN, Plaintiff-Appellant, v CLEVELAND (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20857. Decided March 1, 1948.

Harrison, Thomas, Spangenburg & Hull, Cleveland, for plaintiff-appellant.

Robert J. Shoup, Jos. F. Lombardo, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment for the defendant and involves the question of the admissibility of certain evidence which was admitted over plaintiff's objection. The plaintiff was a passenger on one

of the defendant's Euclid Avenue street cars then being operated in an easterly direction. When the street car reached East 17 Street it came to a stop and the plaintiff attempted to leave the car at that point. In stepping from the car to the pavement she fell and received some injuries.

The principal controversy between the parties was whether the street car started in motion at the time she was in the act of alighting, thereby causing her to fall as claimed by her, or as was claimed by the defendant the plaintiff tripped or slipped, as a result of which she was caused to fall.

The plaintiff was taken to the emergency room of St. Vincent's Charity Hospital for treatment after the accident. The plaintiff, as a part of her case, called the emergency room librarian of the hospital as a witness as to the record of injuries and treatment shown by the hospital report kept in the regular course of the hospital business. Upon cross-examination this witness was asked what the report showed as to the history of the accident, that is where and how the accident occurred. Over the objection of the plaintiff the witness was permitted to read that part of the report which read as follows:

"Where happened: 17th & Euclid
How happened: Fell off street car, caught heel."

After this part of the report had been read to the jury the plaintiff moved to strike out such testimony which motion was also overruled and exception taken.

The sole question of error claimed by plaintiff in this appeal is that the court committed prejudicial error in receiving into evidence over plaintiff's objection what the hospital report showed as to manner and place the plaintiff was injured.

Sec. 12102-23 GC provides:

"Sec. 12102-23 GC. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made, testifies to its identity and the mode of its preparation and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

There can be no question but that if plaintiff made a statement of the character above quoted from the report, to another person it would constitute a declaration against interest and the person to whom such statement was made would be a competent witness to testify on that subject. Many of the authorities upon this point are set forth in the defendant's brief.

We are here, however, not concerned with the question of the admissibility of declarations against interest. The question presented by this record is whether or not under the uniform evidence act, supra, a statement contained in a hospital record as to the circumstances which caused the injuries for which the patient is being treated at a hospital, can be admitted as evidence simply because such statement is included in the hospital record or report.

There is nothing in the record, as read by the hospital librarian which would indicate that the statement of how the accident happened was made by the plaintiff. For this reason if there was no other objection to its admissibility, the permitting of the reading of such a statement into evidence was prejudicial to the plaintiff's rights.

The purpose which §12102-23 GC was intended to serve, was to make admissible, records which are made in the regular course of business, often times by several persons, concerning conditions and events occurring in the business of the one for whom the record is kept, without the necessity of examining the persons who actually created such record or participated in doing work reported, so long as it is produced by one who has custody of such record as a regular part of his work or supervision of its creation. The fact that the record is a part of the method by which the one who caused such record to be kept carries on his business, is the foundation upon which its admissibility is based which fact tends to give it verity. Any statements contained in the record disassociated from and not observed as a transaction, "condition, event or fact" of the one for whom the record was created certainly would not be admissible under the terms of this statute.

In the case of **Weis v Weis, et al, 147 Oh St 416,** paragraph 3 of the syllabus provides:

"Hospital records, in the absence of privilege, are admissible in evidence, in so far as there is compliance with the requirements and conditions imposed by §12102-23 GC and in so far as such records contain observable facts, transactions, occurrences or events incident to the treatment of the patient and are helpful to an understanding of the medical or surgical aspects of his hospitalization."

And on page 424 the court says:

"Under this and similar statutes, by the great weight of authority those portions of hospital records made in the regular course of business and pertaining to the business of hospitalization and recording observable acts, transactions, occurrences or events incident to the treatment of a patient are admissible, in the absence of privilege, as evidence of the facts therein recorded, insofar as such records are helpful to an understanding of the medical or surgical aspects of the case, and in so far as relevant to the issues involved, provided such records have been prepared, identified and authenticated in the manner specified in the statute itself."

And on page 427 the court further said:

"However, certain types of hospital records have been held inadmissible on the ground, either that they did not record readily observable facts or conditions or were not kept in the regular course of business for the purpose of the business, or that they were records of opinion and speculation rather than fact. Thus, a hospital record of events or narrations such as those pertaining to the occasion of the patient's resort to the hospital and having no reference to his medical or surgical treatment in the hospital has been held inadmissible. A railroad engineer's report on an accident was held inadmissible (Palmer et al Trustee v Hoffman 318 U. S. 109, 87 L. Ed. 645, 63 S. Ct. 477, 144 A. L. R. 719). Hearsay on hearsay, such as report given by the patient of details of an accident which brought him to a hospital, was held inadmissible. See **Schmitt v Doehler Die Casting Co. 143 Oh St 421**, 55 N. E. (2d) 644; Sadjak v Parker-Wolverine Co 281 Mich, 84, 274 N. W. 719; Borucki v Mackenzie Bros Co Inc. supra."

See also: **Schmitt v Casting Co. 143 Oh St 421.**

That part of the hospital record which purported to explain how the accident happened, being outside the knowledge or observation of those authorized to create records of patients' physical condition and treatment in the regular course of business of the hospital, cannot be received into evidence simply for the reason that such statement has been written into such report.

The failure to sustain plaintiff's objection to such evidence constituted prejudicial error and the judgment of the trial court is therefore reversed and cause remanded for further proceedings according to law. Exceptions. Order See Journal.

HURD, PJ, MORGAN, J, concur.