**WEISER, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4894. Decided October 9, 1953.

Roscoe G. Walcutt, Alfred J. Henney, Columbus, for plaintiff-appellant.

Hon. C. William O'Neill, Atty. Genl., Chalmers P. Wylie, James F. DeLeone, Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury. The action was one for personal injuries alleged to have been suffered by the plaintiff-appellant on September 29, 1943, at about 4:00 P. M. while engaged in the regular course of her employment by the Ohio Bureau of Motor Vehicles. A verdict was returned in favor of the defendant. The only error assigned concerns the admissibility of State's Exhibit No. 3, which is an attendance record kept by the Bureau. For the purpose of identifying this exhibit Harriet Paterson was called as a witness. She testified that during the period in question she was employed by the Bureau as secretary in the office of the personnel director; that one of her duties was to keep attendance records, leaves of absence and pay roll reports; that the exhibit submitted was in her handwriting and was a daily attendance card of the plaintiff and was kept by the months, days and half days; that it was made by her from records sent down by the heads of the departments; that it was a permanent record which was filed away by the year. This record disclosed that the plaintiff was not employed on the day of the alleged injury. The appellant urges that this record did not meet the requirements of §12102-23 GC in the following respects:

(1) It is a copy of another record and therefore not authentic.

(2) It does not appear that it was made in the regular course of employment.

(3) There is no evidence that the record was made "at or near the time" of the plaintiff's alleged absence.

This section of the General Code provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation; and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

It will be noted that the trial court is required to exercise a discre-

tion in determining whether or not "the sources of information, method and time of preparation were such as to justify its admission." Our examination of the record reflects that it is such as will support the Court's ruling. It appears to be authentic because it is a permanent record clearly kept in the regular course of the employer's business. The fact that it was made up from reports made daily by the department heads does not destroy its authenticity.

In **Taylor Sons & Co. v. Burton, 46 Oh Ap 398,** at **page 402** the Court quotes with approval from 3 Wigmore on Evidence (2d Ed.), Section 1558, as to what constitutes an original record:

" 'The general rule requiring the production of the original of a writing, here as elsewhere, must be satisfied; i. e. the entry offered must be an original * * *. A ledger, though otherwise not objectionable, will usually not be the first book entered up; nevertheless, if the first book be in fact kept in ledger form, it will be none the less admissible. Furthermore, the record admissible is one consisting of a regular series; hence, the first regular and collected record is the original one, and it is immaterial that it was made up from casual or scattered memoranda preceding it.' "

It is our conclusion that the defendant's Exhibit No. 3 met all the requirements necessary to constitute it an original record. Although the evidence is not specific as to the time it was made, the inference therefrom indicates most strongly that the memo was sent each day to the witness who thereupon made the permanent record.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.