JACOBS, D. B. A. FRIENDLY SERVICE ASPHALT CO., PLAINTIFF-APPELLEE, *v.* WATERS, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26695.   Decided March 12, 1964.

*Messrs. Lavelle & Lavelle*, for plaintiff-appellee.
*Mr. Frank C. Lyons*, for defendant-appellant.

SKEEL, C. J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Cleveland Municipal Court. The action was one for money only. The plaintiff's petition seeks judgment for $282.50 for work performed in grading and spreading slag on the surface of a service station property, the station then being constructed by the defendant. The petition alleges that the plaintiff performed the work contracted to be done but that the defendant refuses to make payment as agreed.

The defendant's answer admits that there was an agreement between the parties whereby plaintiff was to grade and surface (with slag and asphalt) defendant's "gas station" then under construction, located at the corner of East 123rd Street and Scottwood Avenue in the City of Cleveland. The price agreed upon is alleged by the defendant to be at the rate of 20c per square foot "for a complete job of grading, slagging and asphalting said area."

The defendant further alleges that the plaintiff started to do the job with the help of one Clarence McKay and that he was not to be paid any part of the consideration until the grading and slagging was completed but that he did pay McKay (at plaintiff's request) $156.00 at the end of the first day's work even though the grading and slagging was not completed. It

is also alleged that he, the defendant, advanced $20.00 for one load of slag.

The defendant further alleges that the plaintiff requested that he advance a part of the contract price to rent the necessary machinery and tools to finish the job which request was refused, and that he demanded that plaintiff complete the "job." The answer also alleges that $176.00 was actually advanced contrary to the terms of the contract and that after waiting two weeks for plaintiff to return to the job, the defendant hired McKay to finish the work which he (McKay) did at the contract price. Defendant denies being indebted to plaintiff in any sum whatsoever.

The defendant's answer contains a cross-petition upon which service was had upon the plaintiff. The cross-petition was dismissed upon plaintitiff's motion at the end of the taking of testimony. The plaintiff's reply put into issue all of the new matter pleaded in the defendant's answer and cross-petition.

The defendant's assignments of error, nine in number, can be summarized as follows:

The trial court erred in refusing to continue the hearing to allow time to present a rebuttal witness to come to court and testify and in ruling on defendant's motion for new trial without affording oral argument as requested or time to file a brief; in permitting the introduction of plaintiff's written memorandum prepared by him setting out the terms of the agreement between the parties which was unsigned by the defendant; in permitting the introduction of evidence over defendant's objection and in sustaining objections to evidence offered by defendant; in overruling defendant's motion for judgment at the end of plaintiff's case and like motion entered by defendant after both parties had rested. The defendant also claims that the judgment is contrary to law and against the manifest weight of the evidence and that the decision was founded on passion and prejudice, preventing defendant from having a fair trial.

When a case is on trial a court is not required to continue the hearing to suit the convenience of a witness nor is there any provision of law requiring the court to permit the filing of briefs or to hear oral arguments with respect to a motion for new trial. Such matters are within the sound discretion of the court. These claims are without legal foundation. The claim

of error in receiving and rejecting tendered evidence is not supported by argument or authorities in defendant's brief and such claim will, therefore, be considered as abandoned by him. We find no basis in the record for a claim that the judgment was founded on passion and prejudice by which the defendant was denied a fair trial and such claim is overruled. This leaves for consideration three of the alleged errors, that is that the introduction into evidence of a memorandum of the agreement prepared by plaintiff constituted error, that the judgment is contrary to law, and that the judgment is against the manifest weight of the evidence.

A careful reading of the bill of exceptions shows that the evidence of the parties presented to support or deny the affirmative issues presented by the pleadings, except as to the undisputed facts, is in direct conflict requiring the trial court to find on which side the greater probability of truth lies.

There is no dispute but that the defendant hired the plaintiff to grade, slag, and apply asphalt to the ground surface of a new service station which defendant was then constructing at the corner of East 123rd Street and Scottwood Avenue in Cleveland. There is likewise no dispute but that the plaintiff performed a part of the work and in so doing employed the services of one Clarence McKay who brought to the job his truck, front-end loader, and power roller. Whose hand tools were used is a question of fact to be determined from conflicting evidence introduced on that question. This is also true of the question of the agreed price for the "job" and what part of the price, if any, was to be paid when the grading and slagging was completed, that is, whether or not under the plaintiff's contention, $282.50 then became due. That a Payment was then to be made is, according to the evidence, not in the dispute. Whether or not the plaintiff finished the grading and slagging and whether or not the plaintiff was prevented from finishing the entire job by the conduct of the defendant or, whether as contended by defendant, the plaintiff did not finish the job for want of the proper tools, is in controversy, as shown by conflicting evidence. There is no dispute but that McKay finished the job and was paid $443.00 by the defendant and that the plaintiff was not paid anything. In considering these disputed questions of

fact, there is credible evidence which would justify the trial court in finding that by the plaintiff's contract with the defendant it was agreed that the price to be paid for the job was to be $582.80 and that the plaintiff was to receive $282.50 of the contract price when the grading and slagging was completed. There is also credible evidence that would justify the court in concluding that the plaintiff was prevented, by the acts of the defendant, from completing the work he had contracted to perform. This being so, the plaintiff on the basis of this and the other conclusion supported by credible evidence would create a legal right in the plaintiff to a judgment for the amount contracted to be paid when the grading and slagging, amounting to $282.50, was completed. The fact that the defendant paid his debt due the plaintiff to another without plaintiff's authority, as contended by the plaintiff and supporting credible evidence, cannot prevent the plaintiff from enforcing his rights under the contract. A judgment for the plaintiff in the sum of $282.50 is supported by credible evidence and is not contrary to the manifest weight of the evidence and the law.

This leaves the question of the admissibility of the written memorandum created by plaintiff immediately subsequent to the making of the verbal agreement setting out the terms of the understanding of the parties. Plaintiff testified that he mailed the original to the defendant but the defendant denies that he received it. The claim of the plaintiff that such memorandum was a business record and admissible as such cannot be supported. It was at most a self-serving declaration and its receipt into evidence constituted error. As evidence, however, it was cumulative only and, when the case was tried to the court and the record stands as it does in this case, justifying the conclusion reached by the trial court that the plaintiff's evidence is more worthy of belief than that of the defendant, its admission into the record was not prejudicial to the rights of the defendant.

From a careful examination of the bill of exceptions and the transcript, it is clear to this court that substantial justice has been afforded the defendant. The judgment is affirmed.

Judgment affirmed.

Silbert and Artl, JJ., concur.