McCORMICK, APPELLEE, *v.* MIRRORED IMAGE, INC. ET AL., APPELLANTS.

(No. C-810848—Decided September 1, 1982.)

Messrs. *Brumleve, DeCamp, Wood & Barron* and *Mr. David Wade Peck,* for appellee.

*Katz, Teller, Brant & Hild Co., L.P.A.,* and *Mr. Robert A. Pitcairn, Jr.,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellee, Thomas C. McCormick, commenced the instant action against defendants-appellants, the owners and operators of several restaurants and nightclubs, in an effort to secure money damages and other equitable relief alleged to be flowing from appellants' breach of a consulting agreement. The circumstances giving rise to this action are relatively uncomplicated. Prior to July 29, 1976, appellee and John H. Dietz were partners or shareholders in several restaurant and nightclub establishments. Intractable differences between the two arose, however, and after considerable negotiation, the parties executed a series of agreements intended to resolve the dispute. Under a consulting agreement — the fundament for the instant litigation — appellant Mirrored Image, Inc. was required to pay appellee a certain sum over a five-year period in exchange for consulting services. These payments were guaranteed by appellants John H. and Emily Dietz. Payments were duly made by appellants until November 1976, when appellee moved to Florida without having informed either the corporation or John H. Dietz. Thereafter, with the exception of several payments made under the threat of litigation, appellants ceased paying the required consulting fee. Appellee then filed suit.

During the subsequent jury trial, at which both litigants contended that the other had breached the contract, appellee introduced into evidence two exhibits, each containing several pieces of correspondence between appellee's attorney, one Timothy Hoberg, and John H. Dietz, in which Hoberg repeatedly set forth appellee's version of the facts and demanded payment. Over objection, the court

admitted the offending documents as records of a regularly conducted activity, under Evid. R. 803(6). At the conclusion of the trial, the jury returned a verdict in favor of appellee in the amount of $100,475 and, thereafter, the trial court ordered certain other equitable relief in favor of appellee. Judgment was entered accordingly.

From this judgment, appellants have taken this timely appeal in which they assert, in a single assignment of error, that the trial court erred to their prejudice in admitting this evidence. Specifically, appellants contend that the correspondence between this attorney and an adverse party clearly represents hearsay since it contained out-of-court statements offered for the truth of the matters asserted therein and, hence, inadmissible under the general proscription of Evid. R. 802, where none of the exceptions delineated in Evid. R. 803 is available. For the reasons stated below, we agree and sustain the assignment of error.

Under Evid. R. 803(6) — the only arguably relevant exception for this evidence to the hearsay proscription — documentary records of a business concerning acts, events, or conditions may be introduced as evidence so long as foundational evidence demonstrates that: (i) the record was prepared by an employee of the business who had a duty to report the information; (ii) the person providing the information contained in the record had personal knowledge of the event or transaction reported; (iii) the record was prepared at or near the time of the event or transaction; and (iv) it was a regular practice or custom of the business in question to prepare and retain the type of record. See, e.g., Schmitt v. Doehler Die Casting Co. (1944), 143 Ohio St. 421 [28 O.O. 366]; Weiser v. Indus. Comm. (App. 1953), 73 Ohio Law Abs. 357. Where a document fails to satisfy any one of these foundational conditions, it is inadmissible. Evid. R. 803(6), like its predecessor statutory exception contained in R.C.

2317.40, provides a limited exception for such hearsay evidence on the theory that business records derive a high degree of circumstantial trustworthiness where recorded in the ordinary course of a regularly conducted business by employees under an obligation to prepare and maintain accurate business records. See, e.g., Weis v. Weis (1947), 147 Ohio St. 416 [34 O.O. 350]; Dillow v. Young (1965), 3 Ohio App. 2d 110 [32 O.O.2d 199], reversed on other grounds (1966), 6 Ohio St. 2d 221 [35 O.O.2d 401]. Under these principles, while we have no quarrel with appellee's contention that an attorney is generally engaged in a "regularly conducted activity" within the scope of the rule, it is nevertheless manifest from the record that this particular correspondence was inadmissible hearsay.

In the first instance, the record is devoid of the requisite foundational proof that the declarant, i.e., the attorney, had any business duty to record this specific information. See, e.g., Dorsten v. Lawrence (1969), 20 Ohio App. 2d 297 [49 O.O.2d 392]; Green v. Cleveland (1948), 50 Ohio Law Abs. 605, affirmed (1948), 150 Ohio St. 441 [38 O.O. 311]. While it may indeed be prudent for an attorney to record accurately information concerning the facts of a case supplied by a client and to discharge the obligation of communicating with a third party on the basis of the information so supplied, such communications naturally reflect the advocate's tendency to select those facts most favorable to his client and to report them in as persuasive manner as possible. This circumstance hardly satisfies the fundament for the rule's requirement that the recorder of the information be under a business duty to report facts objectively and accurately, unattended by any bias or self-serving averments.

Further, and of equal significance, the record fails to support the conclusion that it was the regular custom or practice to prepare and maintain this type of information, since the correspondence here

under review clearly is not an integral part of any system employed by the attorney as a means of recording events in the routine administration of the business. *E.g., American Security Service* v. *Baumann* (1972), 32 Ohio App. 2d 237 [61 O.O.2d 256]; *Kinkey* v. *Jewish Hosp. Assn.* (1968), 16 Ohio App. 2d 93 [45 O.O.2d 267]; *Kalna* v. *Fialko* (1955), 102 Ohio App. 442 [2 O.O.2d 453]. To the contrary, this correspondence quite clearly represents nothing more than the *opinion* of one party's attorney that a valid and enforceable contract exists and that the other party breached that contract, thereby causing certain damage. In this respect, then, the offending exhibits are more in the nature of documents prepared in anticipation of litigation, a fact which substantially undermines the presumed guarantee of circumstantial trustworthiness in qualified business records. See *Weis* v. *Weis, supra; Jacobs* v. *Waters* (1964), 8 Ohio App. 2d 138 [30 O.O.2d 469]; *Lewis* v. *Woodland* (1955), 101 Ohio App. 442 [1 O.O.2d 359]. Put simply, the content of the instant correspondence has little significance to the attorney's business outside the context of potential or anticipated litigation. It was prepared by a person who cannot be said to be either independent of the parties or unaware of the importance of the data contained therein, and it is replete with evaluative or conclusory assertions rather than relatively simple factual data. As such, Evid. R. 803(6) is unavailable for its admission.

In addition to the foregoing, the offending evidence is further defective since it constitutes double hearsay, in which the source of the information was an outsider to the business which prepared the record. In this regard, even if we were to accept the questionable conclusions that are drawn from the premise that appellee was engaged in a "regularly conducted business," as contemplated by the rule, the record nevertheless clearly demonstrates that appellee, as the source of the recorded information, suffers from the identical foundational deficiencies as the attorney who recorded it, to wit, no evidence of either a business duty to report information accurately and objectively or an established practice or routine in preparing and maintaining this information. The personal records of an individual do not generally qualify as business records, *Sullivan* v. *Sullivan* (1940), 66 Ohio App. 315 [20 O.O. 139], and this proscription is especially true where there is no evidence in the record to support the requisite finding that appellee recorded this data pursuant to a duty in a sole proprietorship or that the information was recorded in the routine operation of that business. See, *e.g., Cincinnati Traction Co.* v. *Feldkamp* (1924), 19 Ohio App. 421. Thus, where the supplier of the hearsay information fails to qualify under the rule, and no other exception exists for its introduction, the evidence is inadmissible, despite the fact that the recorder may be qualified. Evid. R. 805. See, *e.g., Green* v. *Cleveland* (1948), 150 Ohio St. 441, 444-445 [38 O.O. 311]; *Schmitt* v. *Doehler Die Casting Co., supra,* at 425; *Hytha* v. *Schwendeman* (1974), 40 Ohio App. 2d 478, 484 [69 O.O.2d 419]; *Dillow* v. *Young, supra,* at 113. Under the instant circumstances, we conclude that the requisite foundational proof qualifying appellee's information as a business record under Evid. R. 803 (6) was absent, the evidence was inadmissible, and the trial court therefore erred in admitting it into evidence.

Finally, we are not persuaded by appellee's contention that even if it was error to admit the offending evidence, the error was nonprejudicial. Specifically, appellee argues the rule that where the jury returns a general verdict on the several issues joined between the parties, uncontested by special interrogatories, the fact that an error of law may have attended the trial of one of the issues does not mandate a reversal of the judgment where there existed another issue upon which

the verdict can be founded and which was tried free of error. *E.g., Berisford* v. *Sells* (1975), 43 Ohio St. 2d 205 [72 O.O.2d 117]; *Centrello* v. *Basky* (1955), 164 Ohio St. 41 [57 O.O. 77]. The rule is inappropriate to this case. There was but *one* issue here, although consisting of two questions, *viz.*, whether appellee was under a contractual obligation to perform certain consulting services for appellants and, if so, whether he did in fact discharge this obligation. And, the only evidence on this issue was presented in the conflicting testimony of the two key parties, appellee and John H. Dietz, thus leaving the jury the appropriate consideration of credibility. The contents of the correspondence, repeatedly reiterating the legal position of appellee, obviously tended to substantiate appellee's version of the facts, thus bolstering his credibility. Since it was clearly erroneous to have admitted this evidence, and since this evidence was obviously critical to the outcome of the entire trial, we cannot say that appellants were not prejudiced. See *O'Brien* v. *Angley* (1980), 63 Ohio St. 2d 159 [17 O.O.3d 98]; *Hanna* v. *Wagner* (1974), 39 Ohio St. 2d 64 [68 O.O.2d 37].

The judgment is accordingly reversed and the cause is remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and cause remanded.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.