SIKORA, Appellant,

v.

GIBBS et al., Appellees.

[Cite as *Sikora v. Gibbs* (1999), 132 Ohio App.3d 770.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–655.

Decided March 16, 1999.

*James D. McNamara,* for appellant.

*Janet E. Jackson,* City Attorney, and *Diane M. Meftah,* Assistant City Attorney, for appellees.

BROWN, Judge.

Patricia Sikora, plaintiff-appellant, appeals the May 4, 1998 decision of the Franklin County Court of Common Pleas. The trial court granted the motion for summary judgment filed by defendants-appellees, Officer Stephen R. Gibbs and the city of Columbus, and denied the motion for summary judgment filed by appellant. We reverse and remand for further proceedings.

Appellant is a member of the community organization "Copwatch," which was formed to monitor police activities. On the evening of October 27, 1996, appellant was in the area of 12th Avenue and North High Street in Columbus, Ohio, observing police procedures when two members of Copwatch were arrested. The two members were placed into a police transport vehicle and transported from the scene. Appellant claimed that she began following the police wagon in her vehicle, intending to discover where the volunteers were being taken and then to make arrangements for their release. Before the police vehicle arrived at its destination, appellant's vehicle was stopped, and Gibbs issued a citation to appellant for following near an emergency or safety vehicle traveling in response to an alarm, in violation of Columbus City Code ("C.C.C.") Section 2131.27. The citation was subsequently dismissed by the Franklin County Municipal Court at the request of the prosecutor on January 6, 1997, for insufficient evidence.

On January 23, 1997, appellant filed a complaint against appellees. Appellant alleged that the actions of Gibbs (1) constituted malicious prosecution, (2) constituted a violation of appellant's rights as guaranteed by the First and Fourth Amendments to the United States Constitution and Section 1983, Title 42 U.S.Code, and (3) were proximately caused by certain customs and policies of appellee city of Columbus.

All parties filed motions for summary judgment. The trial court granted appellees' motion for summary judgment and denied appellant's summary judgment motion. The trial court found that (1) Gibbs presented evidentiary materials that demonstrated that he did not cite appellant with malice, and appellant failed to point to any evidence in the record that demonstrated that Gibbs had any purpose other than the legitimate interest of bringing an offender to justice, (2) Gibbs presented evidentiary materials that demonstrated that he had probable cause to cite appellant, and appellant failed to point to any evidence in the record that demonstrated that Gibbs lacked probable cause, (3) the alleged conduct of Gibbs did not fall within any of the five exceptions to sovereign immunity codified in R.C. Chapter 2744, and, as a result, the city of Columbus was statutorily

immune from liability, and (4) there was uncontroverted evidence presented demonstrating that the city of Columbus did not implement a policy, practice, or custom that caused the alleged violation of appellant's constitutional rights.

Appellant asserts the following assignments of error:

"Assignment of Error No. I

"The trial court erred, to the prejudice of the plaintiff Patricia Sikora, by awarding summary judgment to the defendants when genuine issues of material fact exist in the record.

"Assignment of Error No. II

"The trial court erred, to the prejudice of the plaintiff Patricia Sikora, in ruling that a police patrol vehicle engaged in the routine transport of prisoners from the scene of their arrest to the jail was 'travelling in response to an alarm' pursuant to Columbus City Code § 2131.27.

"Assignment of Error No. III

"The trial court erred, to the prejudice of the plaintiff Patricia Sikora, by awarding summary judgment to the defendants when the defendants failed to submit supporting evidence which complies with the requirements of Rule 56, Ohio Rules of Civil Procedure."

■ We will address appellant's third assignment of error first because the determination of this issue affects our treatment of appellant's other assignments of error. In her third assignment of error, appellant asserts that the trial court erred when it considered the unsigned and unsworn memorandum of Gibbs in granting appellees' motion for summary judgment. Appellant filed a motion to strike the memorandum, but the trial court never explicitly ruled on appellant's request. However, the failure to rule on a motion generally is treated as if the court overruled it. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 154–155; see, also, *Stover v. Wallace* (Feb. 15, 1996), Franklin App. No. 95APE06–743, unreported, 1996 WL 70991. Also, because the trial court considered the memorandum in its decision granting summary judgment, we must assume that the court overruled appellant's motion to strike.

Appellant contends that the memorandum of Gibbs does not comply with Civ.R. 56 because it constitutes inadmissible hearsay that does not fall within any exception to the hearsay rule. The memorandum of Gibbs was accompanied by the affidavit of Officer Dawn Chambers, a civil litigation officer at the Legal Bureau of the Columbus Police Department, who averred that the document was kept by the Columbus Police Department in the regular course of business.

The only two exceptions to the hearsay rule that could apply to the present case are Evid.R. 803(6) and 803(8). We find that the memorandum does not fall within either exception to the hearsay rule.

Evid.R. 803(8), the "public records" exception, provides:

"Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, * * * *unless the sources of information or other circumstances indicate lack of trustworthiness.*" (Emphasis added.)

Even assuming *arguendo* that these reports are "public records" within the definition of the exception, the memorandum does not meet the requirement of the last provision of the rule regarding trustworthiness. Trustworthiness is the underlying rationale of the hearsay rule and its exceptions. *Mastran v. Urichich* (1988), 37 Ohio St.3d 44, 47, 523 N.E.2d 509, 511–512. Therefore, consideration of trustworthiness is essential to a determination of a hearsay issue. This is especially true with respect to the public-records exception because the rule itself makes trustworthiness the predicate for admissibility.

In the present case, trustworthiness is a crucial factor. However, the statement that the trial court admitted into evidence was prepared by someone who had a strong personal interest in the matter. Gibbs, who ostensibly authored the memorandum, has been accused of malicious prosecution in the pending matter. This circumstance fails to satisfy the rule's fundamental tenet that the recorder of the information be under a duty to report facts objectively and accurately without bias or self-serving averments. See *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App.3d 87, 89, 553 N.E.2d 1093, 1094–1095 (finding that three incident and conduct reports prepared by the accused correctional facility worker after a fight at the facility did not meet the trustworthiness requirement of Evid.R. 803(8) because such reports were conclusory and self-serving). Thus, even if the memorandum meets the foundational requirements of the "public-records" exception, we find that the circumstances indicate a lack of trustworthiness.

Likewise, we find that the memorandum does not fall within the "business records" exception of Evid.R. 803(6). Evid.R. 803(6) provides:

"A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule

901(B)(10), *unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.* The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." (Emphasis added.)

In the present case, the source of information and the circumstances of preparation indicate a lack of trustworthiness. Given that the source of the information is the accused in the present case, we cannot say that the memorandum was prepared by a person who was independent of the parties and unaware of the importance of the data contained in the memorandum. See *McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 234, 7 OBR 294, 296–297, 454 N.E.2d 1363, 1366–1367. Further, the memorandum was clearly prepared in anticipation of trial. The memorandum was prepared by Gibbs exclusively for the Legal Section of the Columbus Police Department approximately three weeks after appellant filed her causes of action against appellees. Documents prepared in anticipation of litigation substantially undermine the presumed guarantee of circumstantial trustworthiness in qualified business records. *McCormick* at 234, 7 OBR at 296–297, 454 N.E.2d at 1366–1367; see, also, *Weis v. Weis* (1947), 147 Ohio St. 416, 426, 34 O.O. 350, 354, 72 N.E.2d 245, 250–251. We note that this court is not making a determination that the officer is untrustworthy; rather, we are finding that under the above legal analysis, the circumstances of preparation indicate a lack of trustworthiness. Thus, we find that the memorandum does not meet the requirements of the business-record exception found in Evid.R. 803(6).

Therefore, because the memorandum constitutes inadmissible hearsay to which no exception applies, the trial court improperly relied upon it in determining the motions for summary judgment. Appellant's third assignment of error is sustained.

■ In her first assignment of error, appellant contends that the trial court erred by awarding summary judgment to appellees when genuine issues of material fact exist in the record. On an appeal from the granting of summary judgment, our review is *de novo.* The same standard as articulated in Civ.R. 56 is applied on appeal to determine whether summary judgment was appropriate. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314–315. Under Civ.R. 56, summary judgment is appropriate only when the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Summary judgment is not to be rendered unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C). The nonmoving party is entitled

to have the evidence construed most strongly in his or her favor. Civ.R. 56(C). See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 151, 66 O.O.2d 311, 311–312, 309 N.E.2d 924, 925.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio explained the respective burdens of parties when a motion for summary judgment is filed. The Supreme Court stated that the party moving on the ground that the nonmoving party cannot prove its case has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318–319; *Dresher* at 293, 662 N.E.2d at 273–274. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); see, also, *Dresher* at 296, 662 N.E.2d at 275–276. Once the moving party satisfies its initial burden by affirmatively demonstrating that the nonmoving party lacked the evidence to support its claims, the nonmoving party is required to set forth specific facts showing that there is indeed a genuine issue. *Dresher* at 293, 662 N.E.2d at 273–274. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

The tort of malicious criminal prosecution compensates the plaintiff for the damage to dignity and reputation caused by false accusation of a crime. *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 145, 559 N.E.2d 732, 735–736. The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Midani v. Columbus* (June 30, 1997), Franklin App. No. 97APE01–83, unreported, 1997 WL 359302, following *Trussell* at syllabus. Gibbs contends that appellant could not demonstrate malice or lack of probable cause.

The Supreme Court of Ohio, in *Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 84–85, 564 N.E.2d 440, 442–444, discussed the meaning of "malice":

"The requirement of malice turns directly on the defendant's state of mind. Malice is the state of mind under which a person intentionally does a wrongful act

without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. * * * For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. * * * "

In *Rogers v. Barbera* (1960), 170 Ohio St. 241, 246, 10 O.O.2d 248, 251, 164 N.E.2d 162, 166, the Ohio Supreme Court defined "probable cause" as " 'a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' "

■ Importantly, the lack of probable cause generally becomes the essence of a claim for malicious prosecution for the reason that malice may be inferred if probable cause was not present. *Fair v. Litel Communication, Inc.* (Mar. 12, 1998), Franklin App. No. 97APE06–804, unreported, 1998 WL 107350.

■ With these definitions in mind, Gibbs's conduct "should be measured in light of his situation and the facts and circumstances he knew or reasonably should have known at the time he filed the criminal complaint." *Portis v. TransOhio Sav. Bank* (1988), 46 Ohio App.3d 69, 70, 545 N.E.2d 923, 924–925. However, there is no requirement that the defendant must have evidence that will ensure a conviction. *Epling v. Pacific Intermountain Express Co.* (1977), 55 Ohio App.2d 59, 62, 9 O.O.3d 220, 222, 379 N.E.2d 239, 241.

We have already determined that Gibbs's memorandum was not properly before the trial court for use in determining the issues for summary judgment. Although appellees were not required to produce any affidavits or evidence in moving for summary judgment, appellees did have the initial burden of informing the trial court of the basis for the motion by specifically referring to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that affirmatively demonstrated that appellant had no evidence to support her claims. Civ.R. 56(C); *Dresher*, 75 Ohio St.3d at 296, 662 N.E.2d at 275–276.

■ In granting appellees' motion for summary judgment with regard to the malicious prosecution claim, the trial court relied solely on Gibbs's memorandum in finding Gibbs had probable cause to issue the citation. Without considering the improper memorandum by Gibbs, we find that appellees failed to sustain their initial burden pursuant to *Dresher*. In their motion for summary judgment, appellees did not refer to either of the two affidavits filed by appellant and failed to specifically identify or refer to any pleading or other part of the record to demonstrate that appellant had no evidence to support her claims. Indeed, in their motion, appellees did not even make the specific assertion that appellant had no evidence to prove her claim for malicious prosecution. Therefore, without

considering the improper memorandum by Gibbs and in light of the two affidavits filed by appellant, we find that there exists an issue of fact as to whether there was probable cause to issue appellant the citation. Appellant's first assignment of error is sustained.

Appellant's first assignment of error addresses only the awarding of summary judgment with regard to the malicious prosecution claim. Appellant has not argued error relating to the granting of summary judgment on the claim pursuant to the Political Subdivision Tort Immunity Act and the claim pursuant to Section 1983, Title 42 U.S.Code as set forth in her complaint; therefore, those issues have been waived on appeal. See App.R. 12; *C. Miller Chevrolet. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 301, 67 O.O.2d 358, 359–360, 313 N.E.2d 400, 403.

In her second assignment of error, appellant contends that the trial court erred in ruling that a police patrol vehicle engaged in the routine transport of prisoners from the scene of their arrest to the jail was "travelling in response to an alarm" pursuant to C.C.C. Section 2131.27. However, a review of the trial court's decision reveals that the court never specifically made such a ruling. Therefore, appellant's second assignment of error is overruled.

For the forgoing reasons, appellant's first and third assignments of error are sustained, appellant's second assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded as to appellant's claim for malicious prosecution.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.