This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Elyria United Methodist Village ("the Village"), appeals the judgment entered against it in the Lorain County Court of Common Pleas. We reverse.
 I.
In 1994, Barbara McGuire, R.N., appellee, began working at Elyria United Methodist Village. Ms. McGuire was reprimanded for failing to follow Village policies regarding the disposal of discontinued narcotics on March 6, 1997. On July 1, 1997, Ms. McGuire was reprimanded for not reporting for work and tardiness. On October 2, 1997, Ms. McGuire and several other nurses signed a letter directed to the administration of the Village complaining of inadequate staffing. Numerous reprimands followed. These reprimands included: on October 7, 1997, Ms. McGuire was reprimanded for failing to properly chart a wound on a skin grid; she was reprimanded for not completing the comprehensive assessment form upon the admission of a resident on October 21, 1997; she was reprimanded on November 4, 1997 for failing to follow infection control procedures; on November 9, 1997, she was reprimanded for improperly charting lab results which were not performed; and on November 18, 1997, she was reprimanded for failing to respond to a page while on duty. These matters were discussed with Ms. McGuire in regard to improving her job performance in November 1997 and January 1998.
In December 1997, Ms. McGuire was again reprimanded for not reporting to work and for turning off a patient's intravenous medication. On January 4, 1998, the son of a Village resident (hereinafter referred to as "the son") noticed his mother was flushed and violently coughing, he reported this to Ms. McGuire, but she declined to attend to the resident or assess the resident, informing him that the infection was probably viral. Another Village staff member soon checked the resident who was found to have a temperature of approximately 103.4 degrees Fahrenheit and to be heavily congested. The facility physician was notified and immediately ordered an antibiotic. Following this incident, Ms. McGuire was terminated. Ms. McGuire disputes the veracity of many of the reprimands, often noting on the reprimand forms her innocence or that the reprimand is unfair harassment.
On May 26, 1998, Ms. McGuire filed a complaint in the Lorain County Court of Common Pleas, which was subsequently amended to include causes of action sounding in breach of contract, termination in violation of public policy, and termination in retaliation for reporting the inadequate staffing. A jury trial commenced on May 15, 2000. On the fourth day of the jury trial, May 18, 2000, the trial court entered a directed verdict in favor of the Village on Ms. McGuire's contract claim, leaving Ms. McGuire's whistleblower and public policy claims pending. The jury returned its verdict in favor of plaintiff on May 19, 2000, which was duly entered and journalized by the court on May 22, 2000. In interrogatories accompanying the verdict, the jury assessed punitive damages in the amount of $48,500, back pay in the amount of $17,200, front pay in the amount of $16,800, and compensatory damages in the amount of $48,500. The jury further found Ms. McGuire's termination to be retaliatory and in violation of Ohio's Whistleblower Statute and public policy. On June 2, 2000, Ms. McGuire filed a motion for the award of attorney fees and costs. The Village filed motions for remittitur, judgment notwithstanding the verdict, and new trial on June 6, 2000. Ms. McGuire responded in opposition. On September 28, 2000, the trial court denied the Village's motions for remittitur, new trial, and judgment notwithstanding the verdict and granted Ms. McGuire's motion for attorney fees. This appeal followed.
 II.
The Village asserts five assignments of error. As we find its fourth assignment of error dispositive, we will address it first, consolidating the Village's remaining assignments of error to facilitate review.
 A. Fourth Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO ADMIT ELYRIA UNITED METHODIST VILLAGE'S EXHIBITS REGARDING THE DISCIPLINE OF BARBARA McGUIRE FOR HER FAILURE TO ATTEND TO A RESIDENT IN DISTRESS AS INADMISSIBLE HEARSAY.
 The Village avers that the trial court erred in excluding exhibits and portions of exhibits as hearsay even though they qualified as business records and the statements recounted within the records were not offered for their truth. We agree.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Moreover, "[g]iven its superior vantage, the trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse which has materially prejudiced an objecting party." Akron-Canton Waste Oil, Inc.v. Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 597, citingState v. Hymore (1967), 9 Ohio St.2d 122, 128; see, also, Civ.R. 61. An abuse of discretion is more than an error of judgment, but instead, demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. "However, where the trial court completely misconstrues the letter and spirit of the law, it is clear that the [trial] court has been unreasonable and has abused its discretion." Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 99, fn. 10.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible evidence. Evid.R. 802. Evid.R. 803(6) provides an exception to the exclusion of hearsay statements and applies even where the declarant is available to testify:
 A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Evid.R. 803(6).
 Under Evid. R. 803(6), documentary records of a business concerning acts, events, or conditions may be introduced as evidence so long as the foundational evidence demonstrates that: (i) the record was prepared by an employee of the business who had a duty to report the information; (ii) the person providing the information contained in the record had personal knowledge of the event or transaction reported; (iii) the record was prepared at or near the time of the event or transaction; and (iv) it was a regular practice or custom of the business in question to prepare and retain the type of record.
McCormick v. Mirrored Image, Inc. (1982), 7 Ohio App.3d 232, 232.
The Village complains that the trial court improperly excluded defendant's exhibits 54 and 55 and improperly redacted portions of defendant's exhibit 57.[1] Exhibit 57 was a report authored by Ms. Stephanie O'Connor on January 9, 1998. The report described the January 4, 1998 incident for which, the Village avers, Ms. McGuire was terminated. The portions of the exhibit dealing with what the son had reported to Ms. O'Connor were redacted. The trial court found these statements to represent hearsay within the business record, as a person with knowledge of what had transpired did not record them. The Village asserted that the recorded statements were not offered for their truth, but rather, indicate the basis of the Village's decision to terminate Ms. McGuire.
We must first determine whether the statements were admissible for their truth pursuant to Evid.R 803(6). As the son had no duty to report Ms. McGuire's actions and the person recording the son's account had no personal knowledge of the event, we conclude that the statements were not admissible under the hearsay exception set forth in Evid.R. 803(6). Seeid.
We now must determine whether the statements were admissible for a purpose other than the truth of the assertions therein. Ms. McGuire asserts that her termination was in retaliation for her complaints regarding the understaffing of the Village. She asserts claims under Ohio's Whistleblower Statute, R.C. 4113.51 et seq., and Greeley v. MiamiValley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228. R.C.4113.52(B) provides that "[n]o employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by [the Whistleblower Statute]." (Emphasis added.) To state a claim under Greeley, one must show, inter alia, that "[t]he plaintiff's dismissal was motivated by conduct related to the public policy[.]"Painter v. Graley (1994), 70 Ohio St.3d 377, 384, fn. 8, quoting H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99. Therefore, the reason for the discharge is at issue in either claim.
The question that presents itself is whether the son's statements to Ms. O'Connor were relevant at trial for some purpose other than to prove the truth of the facts asserted therein. We conclude that they were, as the fact that the statements were made, whether the statements were factually accurate or not, evidence a reason for Ms. McGuire's termination apart from the alleged violation of public policy or the Ohio Whistleblower Statute. Therefore, we conclude that the son's statements as recounted by Ms. O'Connor were not hearsay, as they were not offered for their truth and that the trial court erred in redacting them. Further, as the statements were in regard to the most egregious alleged misconduct of Ms. McGuire which, the Village asserts, led to her termination, we cannot conclude that the trial court's error in failing to admit this evidence at trial was not prejudicial. The Village's fourth assignment of error is sustained.
 B. First Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT ELYRIA UNITED METHODIST VILLAGE'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF BARBARA M[c]GUIRE'S CAUSE OF ACTION BASED ON OHIO'S WHISTLEBLOWER STATUTE, REVISED CODE § 4113.52.
 Second Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT ELYRIA UNITED METHODIST VILLAGE'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF BARBARA McGUIRE'S WRONGFUL DISCHARGE IN VIOLATION OF THE PUBLIC POLICY EMBODIED IN OHIO'S WHISTLEBLOWER STATUTE.
 Third Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT ELYRIA UNITED METHODIST VILLAGE'S MOTION FOR REMITTITUR.
 Fifth Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT ELYRIA UNITED METHODIST VILLAGE'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF BARBARA M[c]GUIRE'S CLAIM FOR PUNITIVE DAMAGES.
The Village asserts that the trial court erred in failing to grant a directed verdict in the Village's favor regarding Ms. McGuire's Whistleblower, termination in violation of public policy, and punitive damage claims. Further, the Village asserts that the trial court erred in denying its motion for remittitur. As we find the cause must be remanded for a new trial based on the erroneous exclusion of evidence, these assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c); see, also, McConnell v. Budget Inns of Am. (1998),129 Ohio App.3d 615, 628.
 III.
The Village's fourth assignment of error is sustained. Its remaining assignments of error are rendered moot by our resolution of its fourth assignment of error. App.R. 12(A)(1)(c). The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
SLABY, J. CONCURS.
BAIRD, J. DISSENTS.
[1] We are concerned that error in regard to the exclusion of defendant's exhibits 54 and 55 is not properly before us as there is some question as to whether exhibit 55 had a proper evidentiary foundation at trial and whether exhibit 54 was offered into evidence, but, due to our disposition of this assignment of error in regard to defendant's exhibit 57, we need not pass upon these issues as they are moot. App.R. 12(A)(1)(c).