OPINION
{¶ 1} Appellant, the Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas that reversed the commission's orders revoking liquor permits held by appellee, Felice's Main Street, Inc. For the reasons that follow, we reverse.
{¶ 2} Appellee is a D1, D2, D3, and D6 liquor permit holder. These permits prohibit appellee from selling certain alcoholic beverages between the hours of 1:00 a.m. and 5:30 a.m. Ohio Adm. Code 4301:1-1-49. After receiving complaints of drug use and after-hour alcohol sales at appellee's bar in Cleveland, Ohio, undercover officers of the Cleveland Police Department ("CPD") went into the bar and witnessed drug use and after-hour alcohol sales on the premises. Subsequently, the CPD officers prepared an investigative report ("CPD report") summarizing what had been observed. This report was then provided to the Ohio Department of Public Safety, Division of Liquor Control ("ODPS").
{¶ 3} An ODPS agent then prepared a second report ("ODPS report") that was essentially a restatement of the CPD report. Based upon both reports, ODPS issued appellee two violation notices. One notice alleged that appellee's employees sold, delivered and allowed to be consumed beer between the hours of 1:00 a.m. and 5:30 a.m., in violation of Ohio Adm. Code 4301:1-1-49. The second notice alleged that appellee's employees violated Ohio Adm. Code 4301:1-1-52(B)(4) by engaging in or allowing drug abuse or possession on the premises. Both notices of violation were based entirely on the CPD investigation.
{¶ 4} A hearing on these violations was scheduled for December 5, 2000. On December 1, 2000, appellee requested a continuance of the hearing. The commission denied appellee's request and the hearing was held on December 5, 2000. Appellee did not attend the hearing. Agent Derrick Roberts was the only witness to testify at the hearing. Agent Roberts was employed by ODPS Enforcement Division working as the Liquor Control Commission liaison. Agent Roberts did not prepare either the ODPS report or the CPD report. However, he testified that both reports were prepared in the normal course of business by a liquor agent and a CPD police officer, and that they were kept by ODPS in its normal course of business once received. Apparently, counsel for ODPS was attempting to lay a foundation for admitting both reports as exceptions to the hearsay rule pursuant to Evid.R. 803(6). Both reports were then admitted into evidence without objection and the hearing was concluded.
{¶ 5} By orders mailed January 9, 2001, the commission determined that appellee had violated both of the administrative prohibitions as alleged in the notices of violation. As a result, the commission revoked appellee's liquor permits. Appellee appealed the commission's orders to the Franklin County Court of Common Pleas. That court determined that the commission failed to hold a meaningful hearing as required by Goldman v. State Med. Bd. of Ohio (1996), 110 Ohio App.3d 124, and B N Ent., Inc. v. Ohio Liquor Control Comm. (1999), 131 Ohio App.3d 394, because it relied solely on unreliable hearsay evidence in revoking appellant's liquor permits. Accordingly, the trial court reversed the commission's orders.
{¶ 6} The commission appeals, assigning the following errors:
{¶ 7} "1. The Lower Court Erred As A Matter Of Law In Its Interpretation And Application Of Goldman v. State Medical Board And B N Enterprises v. Liquor Control Commission.
{¶ 8} "2. The Decision Of The Liquor Control Commission Was Supported By Reliable, Probative And Substantial Evidence And Was In Accordance With Law.
{¶ 9} "3. The Lower Court Erred As A Matter Of Law When It Reversed The Decisions Of The Liquor Control Commission, As Remand Is The Proper Remedy."
{¶ 10} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87. Reliable, probative and substantial evidence has been defined as follows:
{¶ 11} "* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
{¶ 12} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,343.
{¶ 13} Because appellant's first two assignments of error are interrelated, we will address them together. Appellant first argues that the trial court misinterpreted and misapplied Goldman, supra, and B N, supra. Both Goldman and B N emphasized the difference between the "opportunity for a hearing" and the conduct of a "meaningful hearing." As appellant points out, in Goldman there was no hearing at all and, therefore, no evidence introduced. In B N, the commission purported to convene a hearing but no witnesses testified. In both of those cases, this court criticized an agency's revocation of licenses in the absence of a meaningful hearing.
{¶ 14} However, in the case before us, the commission held a meaningful hearing in which sworn testimony was offered in an attempt to demonstrate the reliability and admissibility of the investigative reports. Agent Roberts testified before the commission. The commission took the matter under consideration and did not act in a summary fashion. Simply because the reports admitted into evidence were hearsay, does not render the hearing meaningless even though, had an objection been made, both reports may not have been admitted. Hearsay challenges are waived, absent plain error, if not objected to during the subject proceedings. State v. Keenan (1998),81 Ohio St.3d 133, 142. The admission of the reports in this case did not constitute plain error. Karcher v. Cernus (May 13, 1994), Washington App. No. 93CA20. Because ODPS presented some sworn testimony, and introduced the reports into evidence based upon that testimony, it cannot be said that appellee had nothing more than the mere "opportunity for a hearing." These facts are in marked contrast to those confronting this court in Goldman and B N. Therefore, unlike Goldman and B N, a "meaningful hearing" was conducted in this case.
{¶ 15} The trial court also found that, because the reports were hearsay (and not admissible under any of the exceptions to the hearsay rule provided under the Rules of Evidence), they were inherently unreliable. Therefore, they could not constitute reliable, probative and substantial evidence to support the revocation of appellee's liquor permits. Appellant contends this was error. We agree.
{¶ 16} Although the reports in question were hearsay, we again note that appellee failed to attend the hearing and did not object to their admission into evidence. Therefore, appellee could not raise as error to the trial court the insufficient foundation for the admission of the reports. See Karcher, supra (noting the waiver of error in laying foundation for hearsay business record when no objection made).
{¶ 17} Moreover, as a general rule, administrative agencies are not bound by the strict rules of evidence applied in court. Haley v. Ohio State Dental Bd. (1982), 7 Ohio App.3d 1, 6. The hearsay rule is relaxed in administrative proceedings. Id.; Adanich v. Ohio Optical Dispensers Bd. (Oct. 8, 1991), Franklin App. No. 91AP-300. Therefore, simply because the reports were hearsay does not necessarily lead to the conclusion that the commission could not have considered them even if there had been an objection. Id. (finding that, although hearsay evidence was not properly authenticated by custodian, the board could still consider the evidence). We find that the commission did not abuse its discretion in considering the reports under these circumstances.
{¶ 18} Finally, in a case involving an administrative appeal pursuant to R.C. Chapter 2506, this court held that "[e]ven though * * * statements were hearsay, they were not inherently unreliable and were sufficient to constitute substantial, reliable and probative evidence." Doersam v. City of Gahanna (Sept. 30, 1997), Franklin App. No. 96APF12-1766, quoting In re Petition for Annexation of 162.631 Acres (1988),52 Ohio App.3d 8, 15. There is nothing inherently unreliable about the reports the commission considered. Portions of police and administrative investigative reports can be admissible as an exception to the hearsay rule pursuant to either Evid.R. 803(6) or 803(8) when a proper foundation has been laid. Dept. of Liquor Control v. BPOE Lodge 0107 (June 4, 1991), Franklin App. No. 90AP-821; cf. State v. Lowry (Aug. 31, 1989), Franklin App. No. 89AP-108. The rationale behind permitting such evidence is that such routine reports have a very high indicia of reliability. Husnia, Inc. v. Liquor Control Comm. (June 24, 1999), Cuyahoga App. No. 74216. The reports bore significant indicia of trustworthiness that should have led to a finding that they were reliable, particularly in the absence of any evidence suggesting they were not reliable. Adanich, supra (allowing board to consider improperly admitted hearsay which bore indicia of reliability). The CPD report was drafted by an independent Cleveland Police Officer who had no apparent interest in this matter and acted pursuant to his duty to report criminal violations objectively and accurately. Cf. Sikora v. Gibbs (1999),132 Ohio App.3d 770, 775. The ODPS report was also prepared in the normal course of ODPS's regulatory and investigative function. Appellee has failed to point to anything which would suggest that the reports are unreliable.
{¶ 19} Additionally, in a different context, the reliability of hearsay statements may be inferred without more where the evidence falls within a firmly rooted hearsay exception. Ohio v. Roberts (1980),448 U.S. 56, 66 (analyzing confrontation clause argument). Such firmly rooted exceptions, because of the solid foundation they are based upon, carry their own indicia of reliability. The business records exception in Evid.R. 803(6) and the public records exception in Evid.R. 803(8) have both been found to be such firmly rooted exceptions. Roberts, supra, at 66, n. 8 (business and public records exception); Columbus v. Hall (Mar. 30, 1993), Franklin App. No. 92AP-1736 (same); Springfield v. Pullins (1998), 130 Ohio App.3d 346, 357
(business records exception); State v. Garr (Mar. 24, 1986), Clermont App. No. CA85-09-074 (public records exception). Accordingly, the reliability of the CPD report may be inferred in this case, without more, as such evidence arguably would fall under either of these firmly rooted exceptions to the hearsay rule, assuming a proper foundation were laid.
{¶ 20} Neither the trial court nor appellee point to anything suggesting that the CPD report was unreliable, other than the fact that it was hearsay and that an inadequate foundation had been laid for its admission into evidence. However, as noted earlier, any error in the admission of the report was waived by appellee's failure to object. Therefore, although the CPD report was hearsay, it was not so inherently unreliable that it could not constitute reliable, probative and substantial evidence to support the commission's orders. In the absence of any evidence suggesting the CPD report was unreliable, the trial court abused its discretion in finding such evidence insufficient to constitute reliable, probative and substantial evidence, and, therefore, the commission's first and second assignments of error are sustained. Our disposition of the commission's first and second assignments of error renders the commission's third assignment of error moot. App.R.12.
{¶ 21} In conclusion, having found that the commission held a meaningful hearing in accordance with Goldman and B N, and that the evidence relied upon by the commission was not inherently unreliable, we sustain the commission's first and second assignments of error and reverse the judgment of the Franklin County Court of Common Pleas and affirm the orders of the commission.
Judgment reversed.
LAZARUS and BROWN, JJ., concur.